GEORGE COBURN, Administrator of THOMAS COBURN
*vs.* JOHN HARRIS.

*Plea of sec. 108 of Art. 93 of the Code.*

To enable an administrator to sustain a plea under sec. 108 of Art. 93 of the Code, that a claim was exhibited against him and was disputed and rejected by him within nine months before the bringing of suit against him, it must appear that such claim after being authenticated as required by law, was presented to the administrator for payment by the plaintiff or by some one by him so authorized to present it, and was disputed or rejected by the administrator, and that the plaintiff failed to bring suit to recover on the claim within nine months after such dispute or rejection.

APPEAL from the Baltimore City Court.

This suit was brought on the 3rd September, 1878. The special pleas, mentioned in the Court's opinion as the first and second pleas, which were filed by the defendant in addition to the general issue, are as follows:

And for a second plea the said George Coburn, administrator, as aforesaid, says, that on the 28th day of September, in the year 1877, he and a certain John Coburn were appointed by the Orphans' Court of Baltimore City, joint administrators of said Thomas Coburn, deceased, and duly qualified as such; that after their said appointment and qualification, to wit, during the month of November, in the year 1877, the said claim of the said plaintiff, now sought to be recovered in this suit, was exhibited by the said plaintiff to the said administrators, and was disputed and rejected by them; and the said George Coburn, administrator as aforesaid, in fact says, that the said suit of the plaintiff against the said George Coburn and John Coburn, administrators as aforesaid, was not commenced within nine months after said rejection and dispute of said

claim of the plaintiff, whereby the same became and was forever barred; and the said George Coburn, administrator as aforesaid, pleads in bar of the plaintiff's said claim the provisions of section 108 of Article 93 of the Code of Public General Laws, which he is ready to verify, &c.

And for the third plea, by leave of the Court first had and obtained, the said George Coburn, administrator as aforesaid, says, that on the 28th day of September, 1877, he and a certain John Coburn were appointed by the Orphans' Court of Baltimore City, joint administrators of said Thomas Coburn, deceased, and duly qualified as such; that after their said appointment and qualification as such administrators, to wit, on or about the 30th day of November, 1877, the said claim of the plaintiff against the said George Coburn and John Coburn, as the administrators of the personal estate of said Thomas Coburn, deceased, was exhibited against and presented to said George Coburn and John Coburn, as administrators aforesaid, by the said plaintiff, and payment thereof was demanded.

And the said George Coburn, administrator as aforesaid, in fact says, that upon the exhibition of the said claim by the said plaintiff, against the said George and John Coburn, administrators as aforesaid, the said claim, so presented and exhibited, was rejected and disputed by them, and the said suit of the plaintiff against the said George Coburn and John Coburn, as administrators as aforesaid, was not commenced within nine months after said dispute and rejection of the said claim of said plaintiff, so exhibited against said administrators, whereby the said claim of the said plaintiff, now sued on, became and was wholly barred; and the said George Coburn, administrator, accordingly pleads and relies on the provisions of sec. 108 of Art. 93 of the Code of Public General Laws, in bar of the said claim of the plaintiff; all of which he is ready to verify. Wherefore, &c.

It appeared from the evidence in the case, that the claim in question had not been sworn to by the creditor and his clerk, nor had it had been passed by the Orphans' Court when it was presented to the administrators, and disputed by them, there being certain items in it, as to which they could not agree. The case is further stated in the opinion.

*Exception.*—At the trial the plaintiff offered two prayers; the substance of the first is contained in the opinion, the second it is unnecessary to set out.

The defendant offered three prayers; the second, which is the only one that need be stated, is as follows:

That the plaintiff, upon the pleadings, cannot recover in this action, if the jury believe from the evidence that any time prior to the third day of December, 1877, the claim of the plaintiff against George Coburn and John Coburn, as administrators of Thomas Coburn, was presented to said George and John, or either of them, and payment thereof demanded by the plaintiff, or any one on his behalf and by his authority, and that it was then disputed and rejected.

The Court (GAREY, J.) granted the plaintiff's first and second prayers, and the first and third prayers of defendant, but rejected the defendant's second prayer.

The defendant excepted, and the verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*Bradley S. Johnson* and *John P. Poe,* for the appellant, Cited *Devry vs. Cray,* 5 *Wallace,* 807, 808; *Marshall vs. Haney,* 9 *Md.,* 215; *Bowie vs. Ghiselin,* 30 *Md.,* 553; *Stanfield, Adm'r vs. Neill,* 36 *Texas,* 688, 689; *Cotton vs. Jones,* 37 *Texas,* 34.

*Albert Ritchie* and *William A. Stewart,* for the appellee, Cited *Newman vs. McComas,* 43 *Md.,* 70; *Peterson vs.*

*Ellicott*, 9 *Md.*, 52; *Zollickoffer vs. Seth*, 44 *Md.*, 359, 375; *Orndorff vs. Ulz*, 48 *Md.*, 298.

BARTOL, C. J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the appellee to recover a sum due for stone sold and delivered to the appellant's intestate.

The suit was originally instituted against George and John Coburn, joint administrators; the latter was discharged from the administration by the Orphans' Court, under the authority conferred by the Act of 1874, ch. 402, and the case proceeded against the appellant, the declaration having been amended.

Two pleas were filed, a demurrer to the *first* was sustained, and upon the replication to the second plea, issue was joined, and the verdict and judgment being in favor of the plaintiff, the defendant has brought this appeal.

We need not discuss the question upon the demurrer further than to say that the *second* plea, which follows the words of the Code, correctly presents the question intended to be raised; while the phraseology of the *first* is somewhat ambiguous, and therefore not entirely free from objection. But even if the first plea were sufficient in form, no harm was done to the appellant by sustaining the demurrer, inasmuch as the same defence relied on in the *first* is distinctly presented by the *second* plea. This defence is based upon section 108, Art. 93 of the Code, which is as follows:

"If a claim be exhibited against an administrator, which he shall think it his duty to dispute or reject, he may retain in his hands assets proportioned to the amount of the claim, which assets shall be liable to other claims, or to be delivered up or distributed in case the claim be not established; and if on any claims exhibited and disputed as aforesaid, the creditor or claimant shall not, within nine months after such dispute or rejection, com-

mence a suit for recovery, the creditor shall be forever barred; and the administrator may plead this section in bar, together with the general issue or other plea proper to bring the merits of the cause to trial; and on any dividend to be made nine months after such dispute or rejection and failure to bring suit, the administrator may proceed to pay or distribute, as if he had not knowledge or notice of such claim, or as if it did not exist, but if the claim be put in suit within the nine months, it may be ascertained by verdict or otherwise, and the Court shall proceed as herein directed, regard being had to the rules herein laid down as to the notice to be given by the administrator, and distribution or payment to be made after such notice."

This is a codification of the *Act of* 1798, *ch.* 101, *sub- ch.* 9, *sec.* 18, which came before the Court of Appeals in *Peterson's Ex'r vs. Ellicott,* 9 *Md.,* 52. This section of the Code was also considered in *Zollickoffer, Ex'r vs. Seth, Adm'r,* 44 *Md.,* 359, and in *Orndorff, Adm'r vs. Ulz,* 48 *Md.,* 299; but in neither of those cases was the particular question raised or decided which is now presented.

In 9*th Md.,* Mr. Alexander in his argument contended that this provision was intended only for the protection of the administrator, and that the failure to sue in nine months after the rejection of the claim, did not operate to bar the claim provided there remained assets in the hands of the administrator for the payment of debts. But in *Zollic- koffer's Case,* 44 *Md.,* this Court, contrasting the 108*th section,* with the 109*th* and 119*th sections* of the same Article, held that these latter were meant only for the protection of the executor or administrator, while by the 108*th section* "not only is the executor exonerated, but he is required to pay out or distribute the money retained, and the creditor is forever barred all right of recovery against the assets of the estate, no matter in whose hands they are found."

The question, however, presented by this appeal, is what is meant by exhibiting a claim against an administrator and the disputing or rejection of it. The *first* prayer of the appellee, which was granted, asserts the proposition that "unless the claim after being authenticated by the oath of the plaintiff, or after being passed by the Orphans' Court, was presented to the administrators for payment by the plaintiff, or by some one by him authorized so to present it, and was disputed or rejected by said administrators, and the plaintiff failed to bring suit to recover on said claim within nine months after such dispute or rejection" the same is not barred.

We think this prayer properly construes the 108*th* section.

Sec. 83 of the same Article provides that no administrator shall discharge any claim against the decedent (otherwise than at his own risk) unless the same be first passed by the Orphans' Court * * * or unless it be proved according to the rules prescribed. If paid without being so passed or proven, the administrator cannot be allowed for it in his account. *Sec.* 98. Although the administrator is not bound to pay a claim after it has been proven as directed, or passed, but may dispute the same. *Sec.* 100. Yet unless so authenticated it is not in a form entitled to be paid; and therefore when section 108 provides for the consequences which shall follow the rejection of a claim when exhibited against an administrator, it imports that the claim shall be exhibited in such form as that the administrator may be protected in paying it. The rejection or refusal to pay a claim not authenticated, is not such a refusal or rejection as is contemplated by the Code, and imposes no obligation on the creditor to sue thereon within nine months. It stands as if it never had been exhibited.

We find no error in the appellee's first prayer. The appellant's counsel objects to the use of the plural number, and construes it as requiring that the claim shall have

been rejected by *both administrators,* whereas a rejection by *one* would be sufficient, as the act of one co-administrator is the act of both, citing *Toller on Ex'rs.* 359, and *Watkins vs. The State,* 2 *G. & J.,* 226.

But even if this criticism be correct it would be no cause for reversal, for the reason that there is no evidence in the cause that the claim was ever exhibited to either administrator in an authentic form, and rejected by him; and this is a sufficient reason why the second prayer of the appellant was properly refused; without referring to the failure of evidence in other respects to support that prayer.

The first and third prayers of the appellant having been granted, and no point being made on the second prayer of the appellee, the judgment will be affirmed.

*Judgment affirmed.*