MARGARET MARDEN *v.* WILLIAM G. SCOTT ET AL., EXECUTORS.

[No. 97, October Term, 1927.]

*Decided February 15th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John Phelps,* for the appellant.

*John B. Deming,* with whom was *Robert R. Carman* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

This appeal was presented in this court on its own record and the records in two interpleader causes between the same parties as appellants and appellees, and designated as Nos. 95 and 96 on the docket of the October Term, 1927, and the three appeals were argued together. Because the more important questions in all these causes depended upon the determination of the effect to be given to the two paper writings which were the common subject of controversy in all three causes, the opinion in Nos. 95 and 96 (*ante,* p. 414) governed the conclusion in this appeal, except as to a writing obligatory dated October 15th, 1920. As this third paper was the last of the written instruments given by William H. Scott, and its treatment in the opinion filed in Nos. 95 and 96 would avoid a restatement in this appeal of the pleadings and many of the facts, this third paper was dealt with in that opinion. It will, therefore, be unnecessary to repeat what was written in that decision, and, for the reasons there stated, the appellant's equity will cease on the payment of the proceeds of the two insurance policies on the life of William H. Scott to the appellant, the second paper or codicil being of no effect as a testamentary paper nor as evidencing a subsisting contract

between the appellant and William H. Scott, and the third paper or bond being an indebtedness provable against his estate or enforceable at law, and there being no ground shown why equity should retain its jurisdiction in order to grant relief for the reason that the appellant's remedy at law was inadequate. However, the decree in this cause cannot be affirmed, as it declared this third paper to be null and void, and no contract or obligation to exist with respect to the two policies mentioned in the first paper writing of November 25th, 1918. For these errors the decree will have to be reversed.

*Decree reversed and cause remanded for a decree in conformity with this opinion; the appellees to pay the costs.*

On motion for modification of decree.

The motion of the appellees for a re-argument in Nos. 95 and 96 presents no reason which was not considered or determined by this court in reaching its conclusion after a careful weighing of the oral and written argument and so requires no further discussion. But the appellant's motion for a modification of this court's decree in No. 97 introduces a phase which, not having been heretofore specifically dealt with, will require a further statement of the court's view.

On the occasion of the first appeal this tribunal decided on demurrer that a court of equity had jurisdiction of the parties and the subject matter; and, after the litigants were at issue as a result of the subsequent pleadings, the execution of the three documents involved in the litigation was found to have been admitted, but their validity was assailed on the grounds of fraud and duress. All other defenses, including payment, were open to the appellees; and, on all the proof offered, the court determined two of the disputed instruments to be valid and enforceable, and the third to constitute no claim against the estate of the dead obligor. One of the two

valid documents is the writing obligatory of the testator, calling for the weekly payment of twenty-five dollars, and upon which the appellant has credited the payment of the installments due to January 1st, 1923.

The court did not anticipate that its conclusion that this bond or writing obligatory was an enforceable claim would require a decree for the amount due, or that the claim would not be allowed as a matter of course in the distribution of the assets of the decedent in the orphans' court. However, the motion of the appellant for a modification of our decree, and the reply of the appellees, clearly disclose that the executors propose to invoke against this writing obligatory, if not reduced to a money decree by this court, the provision of section 109 of article 93 of the Code, which enacts that no suit shall be brought on any claim against executors or administrators after nine months from an assertion of the claim and its dispute or rejection by the personal representative. *Coburn, Admr. v. Harris,* 58 Md. 87, 102; *Strasbaugh v. Dallam,* 93 Md. 712, 715.

The defense of limitation under this statute to the claim at bar would, if within the letter of the law, certainly not be within the spirit of the enactment, as the appellant promptly began proceedings in a court of competent jurisdiction to enforce her claim on its denial by the appellees. A defense of limitations would, therefore, not be available in the pending equity proceedings; and, having jurisdiction, this court should not encourage further litigation over an established claim by affording an opportunity to the appellees to plead at law the technical, and here the unmeritorious, defense of limitations under section 109 of article 93 of the Code; but, under the special circumstances of this record, should remand the proceedings for the passage of a money decree to bind assets in the hands of the executors, in accordance with the opinion of this court. See Code, art. 93, sec. 112.

The matter involved was heard and determined in the present equity proceedings, and we do not believe it would be proper to subject the parties to further litigation at law, which might prove fruitless through the interposition of a

plea of limitations. See *Hughes v. Jones,* 2 Md. Ch. 178, 187-189, 289, 296; *Gough v. Crane,* 3 Md. Ch. 119, 135, 136. *Miller's Equity,* sec. 97, n. 12.

Because of the circumstance now brought to our notice, the appellant's remedy at law would be inadequate, and our former decree in No. 97 will be modified to the extent of remanding the proceedings for a money decree by the lower court, in accordance with the views now expressed in appellant's motion for a modification of our former decree.

> *Decree reversed and cause remanded for a decree in conformity with the original opinion as modified by this opinion.*