## FRANK D. PERRY vs. WOLF POTASHINSKI.

Worcester.    October 6, 1897. — October 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Mechanic's Lien — Labor furnished under Subcontract — " Consent " of Owner — Finding — Construction of Contract.*

If A. employs B. to build a house on A.'s land under a contract which provides that B. shall "not let, assign, or transfer this contract, or any interest therein, without the written consent of the architect," and B. makes a written subcontract with C., by which the latter is to excavate for the cellar, do the grading about the building, and build the foundation walls, referring to the principal contract, upon a petition by C. against A. to enforce a mechanic's lien for his labor, under Pub. Sts. c. 191, although there is no evidence that A. knew that C. made the subcontract or did any work, and no written consent of the architect, a finding that C.'s labor was performed by "consent" of A., within the meaning of § 1, is right.

The provision in a contract for building a house, that "the contractor shall make no claim for additional work, unless the same shall be done in pursuance of an order from the architect, and notice of all claims shall be made to the architect in writing within ten days of the beginning of such work," does not refer to or affect a claim of a subcontractor for additional work done by direction of the architect, who had authority to order it; and in pursuance of a change of plan desired by the owner.

Upon a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor furnished under a subcontract to excavate for the cellar of a house, do the grading, and build the foundation walls, the petitioner is not entitled to be allowed for carting away gravel from the cellar, which was done by the city under an agreement with the petitioner that it might have the gravel, which it wanted for roads, if it would carry it off.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor furnished under a subcontract in the erection of a building on the respondent's land in Worcester. Trial in the Superior Court, without a jury, before *Dewey*, J., who found for

the petitioner; and, at the respondent's request, reported the case for the determination of this court. The facts appear in the opinion.

*R. Hoar*, for the respondent.

*B. W. Potter*, for the petitioner.

HOLMES, J. This is a petition to enforce a mechanic's lien for labor, under Pub. Sts. c. 191, and comes here on report. We will take up in their order the points that were argued.

1. The respondent had employed a contractor to build a house upon his land, under a contract which provided that the contractor should " not let, assign, or transfer this contract, or any interest therein, without the written consent of the architect." The petitioner made a written subcontract with the contractor to excavate for the cellar, do the grading about the building, and build the foundation walls, referring to the principal contract. There was no evidence that the respondent knew that the petitioner made the subcontract or did any work, and there was no written consent of the architect. The auditor to whom the case was sent, and the judge who tried the case upon the auditor's report, found that the nature of the contract was such that the contractor, as matter of law, had authority from the respondent to employ the petitioner, and so that the petitioner's labor was performed by consent of the respondent, within the meaning of § 1. The main contention of the latter is that the words quoted above from this contract do not admit of such a finding.

We are of opinion that the finding of the judge was right. The words quoted, literally interpreted, do not refer to subcontracts but to attempted assignments of an interest in the principal contract, a different matter. The literal interpretation is the only sensible one. Of course the contract did not mean that the contractor was to do all the work with his own hands, or that he was to apply to the architect for consent before he bespoke window frames or bricks. It must have contemplated the employment of subcontractors in the usual way. This is the scope of the decision in *Wahlstrom* v. *Trulson*, 165 Mass. 429, 434, which was not intended to suggest that, if this clause was known to the petitioner and means what the respondent contends, it would be immaterial on the question of the latter's consent, or might not withdraw the consent otherwise to be implied from the nature of

the contract. *Borden* v. *Mercer,* 163 Mass. 7. *Landers* v. *Dexter,* 106 Mass. 531. *Parker* v. *Bell,* 7 Gray, 429.

2. On the question of the amount to be recovered, however, the petitioner's right is not by way of subrogation to the principal contract. *Bowen* v. *Phinney,* 162 Mass. 593. The provision in the latter as to the allowance of claims of the contractor for additional work does not refer to or affect claims like the petitioner's.* A small item for additional work done by the petitioner by direction of the architect, who had authority to order it, and in pursuance of a change of plan desired by the respondent, properly was allowed.

3. The petitioner contends that he should have been allowed a further sum for carting away gravel from the cellar. It is, assumed that the petitioner was to have the gravel under his. contract, the city of Worcester wanted it for roads, and thereupon the petitioner agreed with the city that it might have the gravel if it would carry it off. The petitioner contends that, as matter of law, he furnished the labor, although the auditor and judge found otherwise. The most natural view of the facts is that the petitioner permitted the city to do the work for its own advantage on its own behalf, not that he employed the city as an agent. In estimating labor furnished under an entire contract for labor and materials, only labor actually performed by or on behalf of the petitioner can be allowed for under § 2, as against the landowner, and it is not enough to make the latter liable that the petitioner by his contract with a third person was bound to see that the labor was performed. The contract is laid on one side as against the landowner, who is not privy to it, and the only question is what the petitioner actually did. We cannot say that the finding was wrong.

*Judgment on the finding.*

---

* This provision of the contract was as follows: "The contractor shall make no claim for additional work, unless the same shall be done in pursuance of an order from the architect, and notice of all claims shall be made to the architect in writing within ten days of the beginning of such work."