HARRY B. REID *vs.* JOSEPH K. BERRY & another.

Suffolk.    January 16, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

There may be a mechanic's lien under Pub. Sts. c. 191, § 1, for grading which is reasonably necessary for the proper construction and occupation of a house.

Upon the issue whether a contract to do certain work for a price named was made at the time alleged, an expert cannot be asked what in his opinion would be a fair price or value for the work, that having nothing to do with the question.

PETITION to enforce a mechanic's lien upon certain real estate on Lindsey Street, in Dorchester, a part of Boston, filed January 22, 1900.

At the time of the alleged contract the respondent Berry and one Herbert A. Merry were tenants in common of the property. Merry sold out to Berry in August, 1899, and the petition was brought against Berry alone. Berry did not enter his appearance nor defend the suit, but testified at the trial as a witness for the petitioner. The Taunton Savings Bank, mortgagee of the premises and purchaser thereof at foreclosure sale, was admitted to defend the suit.

At the trial in the Superior Court, before *Hopkins*, J., the jury found for the petitioner on the issues submitted to them as stated in the opinion of the court.

The contract was an. oral one, and was stated in the petition as follows: " To dig and build cellar; grade the lot; make sewer connections; concrete the cellar — all to be done for five hundred and ten dollars; all labor and materials to be furnished therefor."

The petitioner testified that for $510 he " was to dig the cellar and build the wall, the cellar complete, and do the grading and connect the sewer." There was evidence, that the lot was low, the greater part of it being below grade, and that the performance of the contract required grading by filling the lot to the height agreed upon; that the underpinning of the house was required by the contract to show three and one half feet above the ground, and the petitioner was to grade up to the underpinning, and that in doing this he used more than a hundred

loads of earth from outside in addition to the earth procured from digging the cellar.

One of the issues submitted to the jury was "Did the petitioner make the contract at the time alleged?" The respondent called as a witness one McMorrow, who was qualified as an expert, and asked him what in his opinion would be a fair price or value, as between contractor and owner, of the performance of the contract testified to in this case, stating it. The question was objected to by the petitioner and excluded by the judge, and the respondent excepted.

The judge ordered the lien established; and the respondent alleged exceptions.

*W. E. Fuller, Jr.,* for the respondent, contended, that the work of filling and grading was not labor performed or furnished, or materials furnished and actually used in the erection, alteration, or repair of a building or structure within the meaning of Pub. Sts. c. 191, § 1, and the contract being an entire one for a round sum, no lien could be established; and that, even if the whole claim was not void, the order of the Superior Court establishing the lien which included the grading could not be sustained.

*G. J. Tufts,* for the petitioner.

MORTON, J. This is a petition to enforce a mechanic's lien upon the premises described in the petition for digging, building and concreting a cellar, making sewer connections, and grading the lot, all for an entire sum. The case was defended by the Taunton Savings Bank as mortgagee. Certain issues, framed by it and agreed to by the petitioner, were submitted to the jury and found in favor of the petitioner. The substance of these findings was that the petitioner made the contract at the time alleged and performed it as required; that the labor and material were furnished by virtue of an agreement with or the consent of the owner of the building; and that, if there was any inaccuracy in the account, the plaintiff had not knowingly claimed more than was due. Exceptions were taken by the bank to the allowance of a motion by the petitioner for leave to amend the petition, and to the overruling of a motion made by it for leave to amend one of the issues. These exceptions have been waived. There was also an exception taken by the bank to the exclusion of a question by it to an expert as to what

would be a fair price for digging, building and concreting the cellar and making the sewer connections and grading the lot. This exception has not been argued, though it has not been waived. The bank filed a motion that judgment should be entered for it, notwithstanding the findings of the jury upon the issues submitted to them. The court overruled the motion, and ordered a lien to be established for the petitioner for the amount claimed. The bank excepted to these rulings and the principal question arises under them and is whether the petitioner is entitled to a lien for the grading; it being contended by the bank that the contract was entire and indivisible, and that if the lien is invalid in part it is invalid altogether.

It is to be noted that no issue appears to have been framed by the bank or to have been submitted to the jury in regard to the grading. From the issues that were submitted, no question would seem to have been raised before the trial in regard to the petitioner's right to a lien for the grading. As the exceptions stand it is open to doubt whether the precise question was called to the attention of the court. There is nowhere in the exceptions a statement to that effect. But we think that if the grading was reasonably necessary to the proper construction and occupation of the house it fairly could be considered as a part of its erection and that the petitioner would have a lien for it. In *Perry* v. *Potashinski*, 169 Mass. 351, it was assumed that there was a lien for grading. In *Beatty* v. *Parker*, 141 Mass. 523, 526, it was held that a drain pipe from the house to a sewer in the street was a part of the house and that there was a lien for it. And in *Hubbard* v. *Brown*, 8 Allen, 590, 594, it would seem that a lien was established for steps leading into the garden. In the present case the question whether the petitioner was entitled to a lien for the grading was a mixed question of law and fact. It must be assumed that the court found as a fact that the grading was reasonably necessary to the proper construction and occupation of the house. And we cannot say as matter of law that upon the evidence reported the finding was wrong. See *Yearsley* v. *Flanigen*, 22 Penn. St. 489; *Henry* v. *Plitt*, 84 Mo. 237.

The question to the expert was rightly excluded. It had nothing to do with any question before the court.

*Exceptions overruled.*