(106 N. W. 573.)

---

GEORGE W. BUCKINGHAM v. WILLIAM FLUMMERFELT ET AL. AND W. J. EDWARDS.

Opinion filed January 30, 1906.

**Appeal — Review — Evidence — Specification of Fact for Review.**

1. Where a review on appeal is sought under section 5630, Rev. Codes 1899, it is the duty of the appellate court to dispose of the case finally on the merits, unless it deems a new trial necessary to the accomplishment of justice; and this, whether the case comes up for review on all the evidence, or whether a single question of fact is specified for review.

**Same — Review of Facts.**

2. Where a single question of fact is specified for review on the evidence under section 5630, Rev. Codes 1899, this court will not review that question unless all other facts material to the determination of the issues appear on the record.

**Mechanic's Lien — Architect's Plans — When Plans are Abandoned and Different Ones Adopted.**

3. An architect is not entitled to a mechanic's lien for services in preparing plans and specifications for a contemplated building upon the building actually constructed on a different plan after the first plans for which the lien is claimed had been abandoned.

**Same — Service.**

4. Services rendered in surveying and marking the site for a building, and drawing a contract for construction of the building are not labor for which a mechanic's lien may be claimed.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by George W. Buckingham against William Flummerfelt and others. Judgment for plaintiff, and defendant W. J. Edwards appeals.

Affirmed.

*G. F. Wyvell,* for appellant.

*Bosard & Bosard, Joseph Cleary* and *Gordon & Wheeler,* for respondents.

ENGERUD, J. This is an action to foreclose a mechanic's lien. There were apparently several other liens besides that of the plaintiff, and these respective lienholders were made parties defendant. The appellant is one of these defendant lienholders, and in his answer sets up a mechanic's lien in his favor, and demands that his lien be taken into account and paid out of the proceeds of the sale of the land. A trial was had to the court which resulted in a judgment of foreclosure and directing the proceeds to be distributed amongst the parties interested, as set forth in the decree. The judgment conforms to the findings and conclusions. Defendant was held to have a lien in the sum of $432 and interest, and entitled to share in the proceeds of the sale to that extent. Defendant appealed from the judgment. He does not demand a retrial of all the issues but in the statement specifies the following question as the only one for review: "What is the reasonable value of the services rendered by defendant Edwards in controversy herein?" Only so much of the evidence as is pertinent to that question is embodied in the statement and abstract.

Defendant's lien is claimed for the value of his services as an architect. The claim consists of several items: $220 for preparation of plans and specifications for a proposed building on the land in question, which were abandoned after the excavation for the building had been commenced; $495 for a second set of plans and specifications which were used; $150 for superintending the construction of the building; $5 for drawing a contract between the owners and builders; $10 for making a change in the plans; $20 for making bills of materials and checking same; $25 for surveying and marking the building site and making certain measurements. The claims aggregate $925 and $162.50 had been paid thereon, leaving a balance of $762.50 for which the lien was

claimed. The court found the work of preparing the first set of plans and specifications to be $75. The work of preparing the second set of plans and superintending the construction was held to be worth $495. All the remaining services were valued at the aggregate sum of $25. After crediting the payment there was a balance of $432.50, for which sum the trial court held appellant had a lien. The appellant claims this reduction of his demand was unwarranted by the evidence, and as indicated by the specification of the question for review, insists that all other questions of law and fact should be left undisturbed, but the amount of the lien awarded to him should be corrected. It is apparent at once that the appellant was not rightfully entitled to any lien except for the superintendence of construction, and possibly for the second set of plans and specifications. None of the other items, even by the most liberal construction, could be held to be "labor upon any building or structure." As to whether the second set of plans and specifications would come within that · category is open to question, and the authorities thereon are conflicting. While the statute relating to this kind of appeal permits the appellant to specify a single question of fact for review, and declares that "all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court" (section 5630, Rev. Codes 1899), the statute does not require this court to ignore errors of law apparent on the record, or to accept the decision of the trial court on questions of law as conclusive. This feature of section 5630, permitting the party, who is dissatisfied with the judgment to obtain a retrial of the case on the merits partly on the evidence and partly on the findings, is capable of being used to the great disadvantage of the party not appealing. Assuming that it is constitutional, and as to that point we express no opinion, it is apparent that one who seeks to avail himself of this anomalous provision must see to it that he is fully within its terms.

When a case has been brought to this court for review under section 5630, it requires this court to retry on the evidence either all the issues of fact or the one or more questions of fact specified for review, and "finally dispose of the same [the case] whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court." A new trial is to be ordered only in those

cases where that relief is deemed "necessary to the accomplishment of justice;" but "failure of the [trial] court to make findings upon all the issues in the case shall not constitute a ground for granting a new trial or reversing the judgment." The object of this statute is clearly to require, whenever possible, a final determination by the Supreme Court of the merits of this class of cases on the facts. We must apply what we deem to be the law to the facts as disclosed by the record; and this, whether we retry all the questions of fact on the evidence or whether we are required to accept the trial court's findings on part of the facts and ascertain the other facts from the evidence. It is manifest that a case cannot be finally disposed of on the merits unless all the facts material to the determination of all the issues therein are in some way brought before the court. When the pleadings and all the evidence are before us we can get the necessary facts from those sources and apply the law. But when, as in this case, only some of the material facts appear in the pleadings and findings; and the fact or facts which we are asked to decide on the evidence do not, when added to the other facts shown by the record embrace all the material facts in the case, it is clear that we cannot perform the duty required of us by the law. In order to properly exercise our appellate jurisdiction in this class of cases we must have a record before us presenting all the material facts. It is only when such a record is presented that we are able to decide what the judgment should be on the facts, or to declare that in our opinion a new trial is necessary to accomplish justice. It is the duty of the appellant who invokes our jurisdiction to see to it that the record is one which affirmatively shows the necessary facts to enable us to exercise our powers.

In this case, the appellant has failed to do so. For reasons hereinafter stated, the findings in this case do not cover all the material issues. A decision in appellant's favor on the single question specified for review would not cure the defect in the findings. The result is that we have not a record sufficient to enable us to perform the duty required of us on a review of this character. The findings do not show, and it is not admitted in the pleadings, that the work of making the plans and specifications and of superintending the construction was performed under a single indivisible contract, as was the case in Friedlander v. Taintor (N. D.) 104 N. W. 527, where we sustained a lien claimed for such

services under those circumstances. It is a debatable question, not· yet decided by this court, whether services of an architect in preparing plans and specifications alone, not connected with his services in superintending construction, constitute labor for which a mechanic's lien may be claimed. But assuming that the item is one for which a lien may be had, and that this item and the superintending were worth $645, as appellant claims, the question would arise as to how the payment of $162.50 should be applied. Should it be applied on this lien or on the other items not secured by the lien? Or should it be applied partly on each? The record does not purport to contain all the evidence relating to the circumstances of this payment and the findings do not disclose them. Without those facts we could not decide the question as to the application of this payment. In order to determine the amount of the lien to be awarded it is essential to know how to apply the payment. The appellant, therefore, is not entitled to a review under section 5630.

The appellant assigns no error reviewable without a statement of the case. The lien awarded was for a larger amount than the findings warranted. The error was in appellant's favor and the respondents are not objecting, so there is no ground for a new trial.

The judgment is accordingly affirmed. All concur.