[No. 10052. Department One. January 17, 1912.]

CARROLL KONGSBACH *et al.*, *Appellants*, v. T. F. CASEY
*et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—BONDS OF CONTRACTORS
—LIABILITY OF SURETY—STATUTES—CONSTRUCTION. A contractor on
public work and his surety on a bond, given pursuant to Rem. & Bal.
Code, § 1161, to indemnify laborers and materialmen, are not liable
for wages due to a laborer under an agreement with a subcontractor
in excess of the reasonable value of the services.

PARTIES—CAPACITY TO SUE—MINORITY OF PLAINTIFF—WAIVER OF
OBJECTIONS. An objection to the minority of the plaintiff is waived
by answer on the merits.

INFANTS — RIGHT TO SUE — GUARDIAN AD LITEM — APPOINTMENT.
The court should, at any stage of the proceedings, appoint a guardian
*ad litem* for infant parties, whenever their minority is made to
appear.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered March 18, 1911, upon findings in
favor of the defendants, in an action upon a bond of a con-
tractor on public works. Affirmed in part and reversed in
part.

*H. W. Lueders*, for appellants.

CHADWICK, J.—N. C. Kongsbach took a contract from
T. F. Casey, principal contractor, for the painting of a
school building in the city of Tacoma, Washington. Kongs-
bach having failed to pay plaintiffs the amounts claimed by
them to be due for wages, this action was begun against the
principal contractor and his surety, under the statute, Rem.
& Bal. Code, § 1161. Tony Kongsbach claims $187 to be
his due and Carroll Kongsbach demands $105. Defendant
Casey in his answer made proffer of $149 to Tony Kongs-
bach, and $80 to Carroll Kongsbach. These tenders being
refused, the money was paid into the registry of the court,

[1]Reported in 120 Pac. 108.

and the case proceeded to trial on the merits. The court found $149 to be due Tony Kongsbach, and gave judgment accordingly.

It is contended that the court erred in giving judgment on the *quantum meruit*, instead of upon the contract which it is alleged these plaintiffs made with the subcontractor. We think clearly that the defendants Casey and his surety should not be bound by the contract made with the subcontractor, unless it is made to appear that the services were reasonably worth the sum demanded. They were not in privity with the claimants and are entitled to make such defenses as are available, for their liability rests entirely upon the statute. *Reid v. Berry*, 178 Mass. 260, 59 N. E. 760, and *Murphy v. Fleetford*, 30 Tex. Civ. App. 487, 70 S. W. 989, are relied on by appellants to sustain their contention. But these cases are not in point. In each of them the right of recovery was made to depend upon an express contract with the owner of the property sought to be charged. The testimony as to the amount and value of the labor performed by Tony Kongsbach is conflicting, and we are not disposed to overrule the conclusion of the trial judge that he was entitled to $149 and no more.

It developed at the trial that Carroll Kongsbach was a minor of the age of twenty years; and upon motion of defendants, the case was dismissed as to him, although counsel for plaintiffs had moved the appointment of a guardian *ad litem* upon this fact being made to appear. In this ruling the court erred. It was held in *Blumauer v. Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St. 966, that an objection to the minority of a party was waived by answering to the merits. See, also, *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480. The appointment of a guardian *ad litem* is a matter within the discretion of the court; and upon motion it became its duty to appoint a guardian *ad litem*, or allow the case to proceed as it had been begun. Judgments rendered for or against minors are not

void, but voidable. No form of procedure is provided for the appointment of guardians *ad litem*. Consequently the court can, at any stage of the trial, where it appears that the justice of the case requires it, either upon motion of any of the parties or upon the request of the minor, appoint a suitable person to act for him. *Nicholson v. Wilborn*, 13 Ga. 467; *Smith v. Minor*, 1 N. J. L. 477; *In re Sanborn's Estate*, 109 Mich. 191, 67 N. W. 128.

For this the cause will be reversed as to Carroll Kongsbach, and remanded with instructions to grant the motion of appellants for the appointment of a guardian *ad litem*, and to allow the case to proceed to judgment. The judgment is affirmed as to Tony Kongsbach.

DUNBAR, C. J., GOSE, CROW, and PARKER, JJ., concur.