[No. 10020.   Department One.   March 11, 1912.]

CROWE & COMPANY, *Plaintiff*, v. ADKINSON CONSTRUCTION
COMPANY *et al.*, *Appellants*, FRYER & COMPANY
*Respondent*, G. CONNELL *et al.*, *Defendants.*[1]

EXECUTORS AND ADMINISTRATORS—ACTIONS — CLAIMS — PRESENTA-
TION—MECHANICS' LIENS—FORECLOSURE.   Under Rem. & Bal. Code,
§ 1479, providing that no holder of any claim against an estate shall
maintain an action thereon unless he shall have first presented a
claim to the executor or administrator, the presentation of a claim
is a condition precedent to an action to foreclose a mechanics' lien
against property of the estate, for materials furnished to a con-
tractor under a contract made with the deceased during his lifetime.

SAME — MECHANICS' LIENS — MATERIALS.   The necessity of pre-
senting a claim is not affected by the fact that there is no privity
between the materialman and the owner, the lien not depending on
contract and being limited to the reasonable value of the services.

HUSBAND AND WIFE — COMMUNITY PROPERTY — ADMINISTRATION.
Upon the death of either spouse, the entire community estate, and
not the deceased's portion, is subject to probate.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered May 2, 1911, upon findings fa-
vorable to part of the defendants, in an action to foreclose
mechanics' liens, after a trial to the court.   Reversed in part
and affirmed in part.

*James B. Howe*, for appellants.

*Shepard & Burkheimer*, for respondent.

GOSE, J.—D. E. Fryer & Company, by its cross-complaint,
is asking to foreclose two liens; one for material furnished and
used in the construction of a building, and the other for ma-
terial furnished and used therein and for labor performed in
its construction.   From a decree establishing and foreclos-
ing these liens, the defendants Adkinson Construction Com-

[1]Reported in 121 Pac. 841.

pany, Clara Graves, widow of E. O. Graves, Edward B. Graves, Jessie Graves, and Evelyn Kyer, executors of the will of E. O. Graves, and as his heirs and devisees, have appealed. The plaintiff and the remaining defendants have no interest in this appeal.

The pertinent facts are as follows: Edward O. Graves in his lifetime entered into a contract with the appellant Adkinson Construction Company, whereby the latter agreed to erect a building upon a certain parcel of land then owned by the former. Edward O. Graves thereafter, and on February 9, 1909, died leaving surviving him Clara Graves, his widow, Edward B. Graves, Jessie Graves, and Evelyn Kyer, who are his executrixes, executor, heirs and devisees. Thereafter and between March 18 and June 10, 1909, D. E. Fryer & Company, the sole respondent, at the request of the contractor, furnished certain material for the building and performed certain labor in its construction. Upon the failure of the contractor to pay therefor, the respondent in due time filed its liens and commenced foreclosure. The record does not disclose whether the contractor commenced construction before or after the death of the testator. There is no allegation in the complaint that the lien claims were presented for allowance or rejection, nor is there any evidence of that fact in the record. Before the introduction of any testimony, the executrixes and the executor, hereafter called the appellants, objected to the presentation of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action; and at the close of the respondent's evidence, they asked for a decree in their favor because of the failure of the respondent to allege a presentation of its claim.

The appellants contend that it was incumbent upon the respondent to allege and prove the presentation of its claim to the appellants, and that its failure to do so defeats its right to a lien upon the property. We think this view is a correct

interpretation of our statute. Rem. & Bal. Code, § 1479, provides:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

In *Casey v. Ault*, 4 Wash. 167, 29 Pac. 1048, it was held that an action to foreclose a laborer's lien claimed upon certain sawlogs owned by an estate could not be maintained where the claim therefor had not been presented to the executor. In *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480, it was held that contingent claims must be presented to the executor or administrator for allowance or rejection before a suit could be maintained thereon. It was also said that the word "claim," "in its ordinary. use, has a broad meaning and has been construed as synonymous with cause of action." The court further said, speaking of reading the several sections of the statute together for the purpose of ascertaining their true meaning:

"And if we are to give effect to all these provisions of the statute, and the general rules of statutory construction applicable thereto, it is obvious that the word 'claim' must have a uniform sense throughout the statute and be held to include every species of liability which the executor or administrator can be called on to pay, or to provide for the payment of, out of the general fund belonging to the estate."

We have further held that the claim of a judgment creditor must be presented to the personal representative of a deceased person. *Meikle v. Cloquet*, 44 Wash. 513, 87 Pac. 841; *Doyle v. McLeod*, 4 Wash. 732, 31 Pac. 96. Such, we think, is the plain meaning of the statute.

*Morse v. Steele*, 140 Cal. 303, 86 Pac. 693, is both instructive and pertinent. That was an action for damages for the breach of a contract made between the plaintiff and the testator in his lifetime. The contract was to run for four years. About two years after the execution of the contract, the testator died, and the defendant had become

executrix under his will.   The complaint alleged perform-
ance upon the part of the plaintiff and that the testator in
his lifetime, and afterwards the defendant as his executrix,
failed to take care of the animals which were the subject-
matter of the contract.   The complaint did not allege a
presentation of the claim, and this omission was held fatal
to a recovery, under a statute substantially the same as our
statute.   We think the correct rule of construction is stated
in Schouler's work on Executors and Administrators (2d
ed.), § 419.   It is as follows:

"The claims and demands, whose suit or presentation
within the statute period are thus contemplated, appear in
general to be, all claims that could be asserted against the
estate in a court of law or equity, existing at the time of the
death of the deceased, or coming into existence at any time
after his death, and before the expiration of the statute
period, including claims running to certain maturity, al-
though not yet payable. . . ."

See, also, *Whitmire v. Powell* (Tex. Civ. App.), 117 S. W.
433.

The respondent relies largely upon the case of *Coburn,
Admr. v. Harris,* 58 Md. 87.   In that case the claim arose
out of a contract for the sale of stone to the intestate in his
lifetime, the stone being delivered after his death to the ad-
ministrators of his estate.   The point decided was that the
statute providing that actions upon rejected claims shall be
brought within nine months after the presentation and re-
jection of the claim, had no application to the facts.   The
court, after observing that the claim was "without doubt a
claim against the estate of the decedent," said:   "Whether
such claim as this must be presented within any particular
time or be barred, is not now before us."

We are unanimous upon the point that there can be no
enforcement of an involuntary lien against the estate of a de-
ceased person arising out of an executory contract entered
into with the deceased in his lifetime, whether the contract
has been performed wholly or in part after his death, where

the claim has not been presented to his executor or administrator. To state the matter in another form, the presentation of the claim of lien to the executor or administrator of the estate for allowance or rejection must, in such cases, be both alleged and proven, or the lien cannot be allowed. This view is in harmony both with the statute and with the principles announced in our own decisions and those in other jurisdictions. The presentation of the claim is not only in aid of orderly procedure in the probate of the estate, but it enables the executor or administrator to investigate the claim and to allow it if deemed meritorious, without being vexed with expensive litigation and delay in the settlement of the estate. We are not here concerned with a claim arising out of a contract, express or implied, with the personal representatives of the deceased.

The respondent argues that, because there is no privity of contract between the materialmen and the owner in such cases, and because the law makes the original contractor the agent of the owner, there is no necessity of presenting the claim. The argument overlooks the purpose of the statute and overlooks the fact that the respondent's contract with the contractor is not binding upon the owner of the property, but that the amount of its lien is, as between it and the owner, limited to the reasonable value of the material delivered and service rendered. Otherwise the property could be sacrificed at the behest of an impecunious, improvident, or dishonest contractor. *Kongsbach v. Casey*, 66 Wash. 643, 120 Pac. 108.

The respondent further contends that the lien is enforceable against the undivided one-half of the property owned by the widow. This view is not sound. Upon the death of either the husband or the wife, the entire estate, and not the portion owned by the deceased, is subject to probate.

The judgment is reversed with directions to dismiss the action, as against the Graves individually and collectively,

and against the Graves estate; and affirmed as to the Adkinson Construction Company, it having filed no brief.

DUNBAR, C. J., CHADWICK, PARKER, and CROW, JJ., concur.