## HARRISS v. PARKS.

No. 9503—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

**1. Liens — Creation — Requisites — Contractual and Statutory Liens.**

A lien can only be created with the owner's consent; that is, by a contract express or implied with the owner of the property or with someone by him duly authorized, or without his consent by the operation of some positive rule of law, as by statute.

**2. Same—Requisites of Statutory Lien.**

Statutory liens, however, have been looked upon with jealousy, and generally will only be extended to cases expressly provided for by the statute, and then only where there has been a strict compliance with all the statutory requisites essential to their creation and existence.

**3. Judgment—Creation—Requisites.**

It is essential to the creation of a judgment that there shall be a judgment which is final and not merely interlocutory, capable of collection by execution against the debtor's property, rendered by a lawfully and validly constituted court, and being a valid and subsisting judgment, for the payment of a definite and certain sum of money.

**4. Guardian and Ward—Claim of Guardian —Allowance—Effect as Lien.**

The order of the judge of the county court allowing the claim of a guardian for compensation does not create a lien against real estate of his ward which follows it into the hands of subsequent purchasers after the ward attains his majority.

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by F. C. Parks against F. R. Harriss and another. Judgment for plaintiff, and Harriss bring error. Reversed.

Robt. Wimbish and W. C. Duncan, for plaintiff in error.

C. E. B. Cutler, for defendant in error.

KANE, J. This was an action for the recovery of money and to enforce a lien against real estate, commenced by the defendant in error, plaintiff below, against Sim Killcrease and the plaintiff in error, F. R. Harriss, defendants below. Sim Killcrease made default and took no part in the trial of the cause, the issues being joined between the plaintiff and the defendant Harriss.

Upon trial to the court personal judgment was rendered against Sim Killcrease and a decree entered declaring the same to be a lien upon the land described in plaintiff's petition. It is to reverse the latter part of this judgment and decree that this proceeding in error was commenced.

It seems that the plaintiff was formerly the duly appointed guardian of the person and estate of Sim Killcrease, a minor, who was at that time the owner of the land in controversy; that upon Sim Killcrease reaching his majority, the plaintiff filed in the county court his final report, wherein he claimed a sum certain as compensation for his services as such guardian; that said account for services was duly presented to the judge of the county court for allowance or rejection, and thereafter the same was duly allowed in the sum of $177.72. Thereafter, and without paying his claim for compensation, the final report of the guardian was approved by the county court, the guardian was discharged, and the estate, including the land involved herein, was turned over to Sim Killcrease. Thereafter, by a chain of conveyances commencing with Sim Killcrease and ending with the defendant, the land involved became the property of the defendant.

The only question presented for review is whether the order allowing the guardian's claim for compensation by the judge of the county court, wherein it was found that the ward was indebted to the guardian in the sum of $177.72, created a lien against the land of Sim Killcrease, which followed it into the hands of the defendant. In our judgment this question must be answered in the negative.

Generally a lien can only be created with the owner's consent; that is, by a contract, expressed or implied, with the owner of the property or with someone by him duly authorized, or without his consent by the operation of some positive rule of law, as by statute. 25 Cyc. 663.

Statutory liens, however, have been looked upon with jealousy, and generally will only be extended to cases expressly provided for by the statute, and then only where there has been a strict compliance with all the statutory requisites essential to their creation and existence. 25 Cyc. 662.

The statute in force when the order herein was entered, and the one relied upon by the plaintiff for the creation of a lien against the land of Sim Killcrease, is section 5941, Compiled Laws of Oklahoma 1909, which provides that judgments of courts of record of this state and of courts of the United States rendered within this state, shall be liens on the real estate of the debtor within the county in which the judgment is rendered from and after the time the judgment is entered on the judgment docket. We are unable to agree with counsel that the order of the judge of the county court allowing the

claim of the plaintiff as guardian is entitled to the status of a judgment.

Section 5497, Compiled Laws of Oklahoma 1909, provides that every guardian must be allowed the amount of the reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court, in which his accounts are settled, deems just and reasonable.

Section 5498, Compiled Laws of Oklahoma 1909, provides that if the income from the estate is insufficient to maintain the ward, etc., then his property may be sold for the payment of his expenses.

Section 5510, Compiled Laws of Oklahoma 1909, among other things, provides that all the proceedings for the accounting and settlement of the accounts of guardians must be had and made as provided and required by the provisions of law concerning the estates of decedents, unless otherwise specially provided in this article.

Section 5295 of the same article provides that if the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavits, must be presented for allowance or rejection to the judge of the county court, and its allowance by the judge is sufficient evidence of its correctness, and it must be paid as other claims, in due course of administration. If, however, the judge rejects the claim, action thereon may be had against the estate by the claimant, etc.

These sections of the statute make it quite clear that the allowance of the guardian's claim by the county court only established the claim in the same manner as the allowance by the guardian would establish the claim of any other creditor of the minor. The claim having been duly allowed by the county court, it then became the duty of the guardian to make provision for its payment out of the funds of his ward in his hands in due course of administration. Clearly the mere allowance of the claim by the judge of the county court was not entitled to the status of a judgment upon which execution could be issued.

In 23 Cyc. 1359, the following rule is laid down:

"It is essential to the creation of a judgment that there shall be a judgment which is final and not merely interlocutory, capable of collection by execution against the debtor's property, rendered by a lawfully and validly constituted court, and being a valid and subsisting judgment, for the payment of a definite and certain sum of money."

Counsel for defendant in error concedes in

their brief that the action of the county court in allowing their claim did not constitute a judgment upon which execution could issue. They say that it was a judgment rendered in a special proceeding, and that to enforce such a judgment, suit must be brought on the judgment in the district court, the court having jurisdiction to foreclose liens and order and confirm the sale of real property in satisfaction of its judgment. In our opinion the allowance of the claim merely gave it the status of any other liquidated claim against the estate of the guardian. The allowance of such a claim does not create a lien against the real estate of the minor, and in order to give such a claim the status of a judgment it must be reduced to judgment in a court of competent jurisdiction, as the plaintiff has done in this matter. When reduced to judgment it becomes a lien on the real estate of the debtor within the county in which the judgment is rendered, as provided in section 5941, supra.

For the reasons stated, the judgment of the court below is reversed in so far as it attempts to create a lien against the real estate of the defendant.

RAINEY, V. C. J., and PITCHFORD, JOHNSON, HIGGINS, BAILEY, and McNEILL, JJ., concur.