## LEWIS v. RED.

No. 31532.   Oct. 17, 1944.

*152 P. 2d 690.*

Robert E. Shelton, of Oklahoma City, for plaintiff in error.

Melton, McElroy & Vaughn, of Chickasha, for defendant in error.

BAYLESS, J. D. M. Lewis appeals to this court from a judgment of the district court of Grady county in favor of Henry Red. Red brought the action seeking to foreclose a lien for material furnished and labor done on a house owned by Lewis. Lewis denied the allegations Red made, and filed a cross-petition wherein he outlined the relations between them as principal and agent and alleged that Red had collected more rent and insurance money than he had expended on the property, and sought judgment for the difference.

The first contention presented is that the trial court erred in refusing to sustain Lewis' motion to require Red to make his petition more definite and certain. These motions are addressed to the discretion of the trial judge and rulings thereon are not reversed on appeal except upon showing of an abuse of discretion. Oklahoma City v. Stewart, 76 Okla. 211, 184 P. 779, and other cases. Upon consideration of the petition filed and the argument made in support of this contention, we are unable to say the trial judge committed an abuse of discretion. Lewis presents a contention that the trial judge erred in overruling his demurrer to Red's petition, but suggests in his brief that the failure of the trial judge to grant his motion to make more definite and certain deprived him of the opportunity to show wherein the petition was defective. Upon consideration of the petition as filed and in its present form, we are of the opinion it states a cause of action when tested by general demurrer.

Lewis' other contentions involve the weight of the evidence in the light of the law applicable, and will be discussed together.

Red's allegation and proof that his original or first contract with Lewis was oral is legally sufficient. T. J. Stewart Lumber Co. v. Derry, 122 Okla.

208, 253 P. 485. 42 O. S. 1941 § 141 expressly authorized oral contracts as well as written as the basis for such liens. Bryan v. Orient, etc., Co., 55 Okla. 370, 156 P. 897, and Neves v. Mills, 74 Okla. 7, 176 P. 509, do not hold, as asserted by Lewis, that it is necessary to introduce in evidence during the trial the lien statement filed as required by law. It is proper to do so, but it is possible to prove everything for which it is evidence by other proof. We are of the opinion that Red's evidence does not establish a lien under 42 O. S. 1941 § 141 et seq. His evidence does show that he purchased materials that went into the repair and maintenance of the house, that he advanced some of his own funds for this purpose, and that he did labor in the installation of some repairs. His lien statement and evidence show that these things were done between May 1, 1938, and March 10, 1941. During this period, according to the lien statement, there were gaps of time in which nothing was done, and in which are interspersed non-lienable items. In May, 1938, the floors were repaired; in June, 1938, plumbing repairs and work were done; in October, 1938, a gas pipe was repaired; in 1938 (without specifying the month and day) "canvasing and papering the house"; in 1939 (without specifying the month and day) a garage was built, excavating was done, trees were trimmed, a brick flue was built, a fence was built and the house shingled; in 1940 (without specifying the month and day) carpenter work, cleaning the well, etc., are charged, and then the final item: "Labor for care of house from March 5, 1938, to March 10, 1941, $49.50." In the meantime, there are charges for taxes and insurance paid.

Certain of those items such as taxes and insurance and labor for the care of the house for a three-year period are not lienable items under our statute, as they do not come within the meaning of labor and material for the purpose mentioned in the statute.

Several of the items for labor and material are such as properly form the basis for a mechanic's and materialman's lien when the statute, supra, is complied with in all respects. However, they do not entitle Red to such a lien in this case for two reasons. While they may be said to have been done under one contract, that is the contract whereby Red took charge of the property as agent for Lewis, it is not the type of contract that is the basis for such a lien under our statutes. The overall picture is one of a running account lasting over a period of years between a principal and his agent. The facts do not present the situation contemplated by the general rules of law or our statutes relating to such liens in which material is furnished and labor is done for "the erection, alteration or repair of any building" under a contract with the owner. The situation more nearly resembles that in Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4, where the lien claimant had agreed with the owner of a building to make all the repairs and alterations on the building that the owner might need in the future, at an agreed price. In denying that items of repair and alteration done thereunder supported a lien and in characterizing the contract, the court said: "This was not an agreement for the performance of a whole work in the sense in which the phrase is currently used in connection with building contracts." A reading of the cases cited in the annotation in 97 A.L. R. 780, and 36 Am. Jur. p. 96, § 138 et seq., wherein the courts have had occasion to consider continuous and separate contracts, will develop the difference between the contract before us and the contracts which support liens.

Also, the copy of the lien statement appearing in the record indicates it was prepared April 23, 1941, but it does not bear a filing date. If this date of preparation is correct, it is obvious that it could not have been filed earlier than that date. The most recent items appearing in the lien statement that could support a lien bear the date of December 2, 1940, and earlier. Thus, if the lien statement was filed as early

as April 23, 1941, it was still more than four months after the last item appearing in the statement, and is too late.

Red's evidence does sufficiently establish the debt allowed to him by the court in the sum of $214.12 with interest. This part of the action is not subject to the statute of limitations because (1) Lewis did not plead that defense, and (2) Lewis counter-claimed against Red. 12 O. S. 1941 § 273.

The judgment appealed from is affirmed insofar as the money judgment and interest and costs are concerned, but is reversed insofar as it allows Red a mechanic's and materialman's lien on the property involved and an attorney's fee, and is remanded for further proceedings.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.