SCHUMAN v. TEAGUE et al.

No. 31669. Jan. 23, 1945.

Rehearing Denied March 20, 1945.

Application for Leave to File Second Petition for Rehearing Denied April 3, 1945.

*156 P. 2d 1010.*

M. S. Williams, of Tulsa, for plaintiff in error.

Harold McArthur, of Tulsa, for defendant in error.

DAVISON, J. This cause is presented on appeal from a judgment of the court of common pleas of Tulsa county, Okla., holding and adjudicating that the plaintiff, Joe Schuman, a lumber dealer at Tulsa, did not have a materialman's lien on property owned by Delbert Teague and Mrs. Delbert Teague.

The cause was instituted in the court of common pleas on July 2, 1942, by Joe Schuman, as plaintiff, against Delbert Teague, Mrs. Delbert Teague, Lee Morgan, and T. D. Sexton, as defendants.

T. D. Sexton was the owner of a mortgage on the property. He was not served with summons and therefore was not a party in the trial court and is not before this court on appeal.

Lee Morgan was a retail lumber dealer at Tulsa. He made an agreement with Delbert Teague whereby the latter was to give him certain promissory notes to be sold by him for the purpose of obtaining money to be used in buying material to construct improvements on the property of Teague. The notes were delivered by Teague to Morgan, who in turn sold them, deriving from the sale sufficient money to pay for materials for the improvement of the property of Teague.

Morgan then purchased lumber and other materials from the plaintiff to be used on the property of the Teagues for its improvement. The lumber was delivered. The price was $142.10. The invoices used in delivering the lumber were, pursuant to agreement between Schuman and Morgan, altered so that Teague would not know where the lumber came from. The name of the seller was clipped from the top of each of the invoices.

About three days after the lumber was received, Morgan took the money which he had received from the Teague note to the plaintiff's lumber yard and paid the man in charge of the business, who was plaintiff's father, the approximate amount of the lumber bill, at which time he informed the receiver of the money that it was money received from the Teague job. He did not, however, give any directions as to the application of the payment.

Morgan had a number of accounts with Schuman. The money was applied on Morgan's oldest account, leaving the Teague account unpaid. This application was in accord with an agreement which existed between Schuman and Morgan that money paid by the latter would be applied to the oldest account. Morgan did not remember that the money paid was exactly the amount of the Teague account but thought it was about that amount.

When the foregoing facts had been established the parties moved for judgment. Thereupon the trial court sustained the demurrer of the defendants to the evidence of the plaintiff and directed a judgment for the defendants Delbert Teague and Mrs. Delbert Teague. Subsequently on hearing before the court an attorney's fee was allowed to these defendants and judgment for same was rendered against the plaintiff.

In presenting his case to this court the plaintiff, as plaintiff in error, says that:

"In a suit for foreclosure of a materialman's lien where the evidence shows that one materialman contracted with the owner to supply the owner all of the material necessary for the owner to himself and by his own labor to build a building and where the said materialman subcontracts a portion of his contract to supply said material to another materialman, the second materialman is entitled to a lien on the property of the owner to the same force and effect as the original materialman would have been entitled to."

In support of this proposition our attention is called to 42 O.S. 1941 §§ 141, 142 and 143; Mobley v. Leeper Bros. Lbr. Co., 89 Okla. 95, 214 P. 174; Dolese Brothers v. Andre—copulas, 113 Okla. 18, 237 P. 844; Rogers v. Crane Co., 180 Okla. 139, 68 P. 2d 520; Hedden Construction Co. v. Proctor & Gamble Co., 114 N. Y. S. 1103, and Huttig Sash & Door Co. v. Stitt, 218 Fed. 1.

The position of the plaintiff is that Lee Morgan was a contractor and that when plaintiff sold to Morgan a portion of the lumber and other materials for use on and improvement of the Teague premises, he, plaintiff, became and was a subcontractor to the extent of the value and price of the lumber and other materials furnished.

The strands of evidence in this case, when taken as a whole, make plaintiff's position untenable. Some of these factors may be enumerated as follows:

1. At the time Morgan and Teague entered into the contract, Morgan was a retail lumber dealer.

2. Teague believed he was buying all of the lumber and other materials from Morgan as a retail lumber dealer.

3. Teague did not know that Morgan expected to obtain or supply materials through purchasers from other lumbermen and his means of ascertaining that fact were eliminated by the alteration of invoices hereinbefore mentioned.

4. Teague did the work on the building himself and Morgan did nothing more than supply the material as a retail lumber dealer.

5. Plaintiff intentionally did not want Teague to know or have any means of knowing the source from which the lumber came pursuant to the agreement between the plaintiff and Morgan, and in accordance with this agreement plaintiff eliminated from the invoices all reference to his own place of business.

6. Morgan had made a number of purchases from plaintiff, but the present instance is the only one in which

plaintiff had ever filed a lien on any property involved in any of his transactions.

7. Plaintiff trusted Morgan "implicitly."

8. Plaintiff did not file the lien until some time after Teague had paid Morgan, and Morgan in turn had paid plaintiff, and which amount had been applied on other accounts of Morgan due plaintiff.

9. Plaintiff looked to Morgan for the money on jobs bought from him.

10. The answer of Morgan disclosed that several months after this cause was filed, he was adjudicated a bankrupt.

In considering all of the above facts, as a whole, we are of the opinion that Morgan's purchase of the lumber from plaintiff was accomplished in such a manner as to clearly indicate that the latter relied entirely and exclusively upon Morgan for payment of the bill.

Under the peculiar facts in this case, we are of the opinion that plaintiff was not a subcontractor, as claimed herein, and is not entitled to protection under the provisions of 42 O. S. 1941 § 143, which reads:

"Any person who shall furnish any such material or perform such labor as a subcontractor . . . may obtain a lien . . . in the same manner and to the same extent as the original contractor, for the amount due him for such material and labor; . . ."

Schuman conducted the transaction in such a manner as to indicate he did not expect to collect under the lien law.

In 40 C.J. at page 89, it is said:

"In order that a mechanic's lien may be acquired, it is necessary, in a majority of jurisdictions, that the labor shall have been performed or the materials furnished upon the credit of the building and not merely upon the general and personal credit of the owner, contractor, or other person . . . "

Webster's New International Dictionary (2d Ed.) pg. 2508, defines a subcontractor as "one who contracts with a contractor to perform part or all of the latter's contract."

Since Schuman relied wholly and exclusively upon the credit of Morgan and sold the lumber to the latter without intending to resort to the mechanic's and materialman's lien statutes, and since he was not a subcontractor, he cannot now claim a materialman's lien against the property of the Teagues.

The judgment of the trial court is therefore affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.