### GREEN v. REESE et al.
### No. 35054.

Supreme Court of Oklahoma.

June 23, 1953.

Rehearing Denied Oct. 6, 1953.

Blackstock & Follens, Tulsa, for plaintiff in error.

Amos Nichols, Tulsa, for defendants in error.

PER CURIAM.

The controlling question here is whether labor performed with tractor and bulldozer and scraper in leveling and building up certain vacant lots to improve same for future construction of building thereon is a lienable item under 42 O.S.1951 § 141. The amount of the labor bill is not in question.

This is the first time this court has passed upon this identical question, but we observe the language of this court in Peaceable Creek Coal Co. v. Jackson, 26 Okl. 1, 108 P. 409, 411, where in discussing the statutory provision, it was said:

"Every conceivable improvement in the constructing of a building, structure or planting of trees, vines, plants, or hedges, building or alteration in fences or footwalk or sidewalk is provided for, and the general word 'improvement' cannot be reasonably con-

strued to have been used with the limitation in its meaning to buildings and things ejusdem generis. Said section being considered in connection with its general scope of application, it is reasonably clear that the word, 'improvement' was used in its ordinary and general sense or acceptation, and includes any and every character of improvement upon realty. * * *"

We consider that language as suggesting the rule that should apply in this case. According to the historical note as to origin, our statute, supra, was originally copied from the statute of Kansas.

In Southwestern Electrical Co. v. Hughes, 139 Kan. 89, 30 P.2d 114, 116, the Supreme Court of Kansas allowed such a lien, and in the body of the opinion said:

"* * * Grading necessary under the plan of construction to bring the lot up may be a feature of construction quite as essential as the building of steps to get up and down. If so, grading is a lienable item. Reid v. Berry, 178 Mass. 260, 59 N.E. 760. The district court properly allowed lien for grading. * * *"

Likewise in Reid v. Berry, 178 Mass. 260, 59 N.E. 760, it was held that:

"On proceedings to enforce a mechanic's lien for constructing a cellar, making sewer connections, and grading a lot, if it appear that the grading was a reasonable necessity to the proper construction and occupation of the house, it should be considered a part of its erection."

And in the body of that opinion it was said:

"* * * But we think that, if the grading was reasonably necessary to the proper construction and occupation of the house, it fairly could be considered as a part of its erection, and that the petitioner would have a lien for it. In Perry v. Potashinski, 169 Mass. 351, 47 N.E. 1022, it was assumed that there was a lien for grading. * * *"

And no contrary authority is cited either to the language of this court in Peaceable Creek or to the Kansas and Massachusetts decisions cited.

There is no question here but that the work was done pursuant to proper contract with the owner, and timely claim of lien was properly made.

■ Upon the language of the statute, and upon the cited authorities we conclude that the labor performed by the plaintiff was a lienable item under the statute cited, and, therefore, the judgment of the trial court, in so far as it denied plaintiff a lien, is reversed, and the cause is remanded with directions to allow plaintiff a lien for such labor, and to take further proceedings consistent with this opinion.

JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., and DAVISON and O'NEAL, JJ., dissent.

O'NEAL, Justice (dissenting).

I dissent, because, as I read the statute, neither by words nor implication does it lead to the conclusion reached in the majority opinion. As I view the matter, the majority opinion allows a lien under Title 42 O.S.1951 § 141, that is not authorized by said section. If a lien is to be allowed under the facts in this case it should be authorized by the Legislature and not granted by judicial fiat.

In Harriss v. Parks, 77 Okl. 197, 187 P. 470, 471, we said:

"Statutory liens, however, have been looked upon with jealousy, and generally will only be extended to cases expressly provided for by the statute, and then only where there has been a strict compliance with all the statutory requisites essential to their creation and existence."

The majority opinion rests largely for its support upon statements found in the opinion of the court in Peaceable Creek Coal Co. v. Jackson, 26 Okl. 1, 108 P. 409, 411. In that case the court construed our present statute, Title 42 O.S.1951 § 141, the statute here involved, and held plaintiff's claim, under the facts there presented, gave plain-

tiff a lien for labor performed and material furnished. In that case the court in the body of the opinion stated:

"Every conceivable improvement in the constructing of a building, structure or planting of trees, vines, plants, or hedges, building or alteration in fences or footwalk or sidewalk, is provided for, and the general word 'improvement' cannot be reasonably construed to have been used with the limitation in its meaning to buildings and things ejusdem generis. Said section being considered in connection with its general scope of application, it is reasonably clear that the word, 'improvement' was used in its ordinary and general sense or acceptation, and includes any and every character of improvement upon realty. * * *"

If we view the case in its proper perspective it cannot be construed as a controlling decision applicable to the facts of the instant case. The facts in that case are: There were two groups of employees who asserted lien claims for labor performed in two separate coal mines. Group "A" performed work in mine No. 2. Their work consisted in mining coal for commercial purpose and not for developing the mine, not thereby making an improvement. Group "B" claimants for liens for labor performed and material furnished worked in mine No. 3. In denying labor liens covering Group "A" and in sustaining the labor and material liens of mine No. 3, the court in the opinion states:

"The claimants for liens for labor performed and material furnished in mine No. 3 are entitled to such allowance. For under the agreed statement of facts it is recited that 'mine No. 3 consists of a slope, but had not, like mine No. 2, reached the stage of development and construction that rooms were turned and coal being mined therefrom for commercial purposes, and that the work of the employees in mine No. 3 was, for the period for which they claimed wages or earnings, still development work.' "

The court therefore held as applied to mine No. 3 "a coal mine is an improvement within the meaning of the lien act."

There can be no other rational conclusion than that, the work and labor or material furnished must be in the development and construction of the premises, a condition that I do not think is presented in the case now before us.

It is the general rule and ordinarily held that a lien may not be acquired for work other than construction, under the statutes, and where the labor for which a lien is claimed is only remotely and indirectly connected with the construction, no lien may be allowed. Lewis v. Red, 194 Okl. 432, 152 P.2d 690; Buckingham v. Flummerfelt, 15 N.D. 112, 106 N.W. 403; 57 C.J.S., Mechanics' Liens, § 40, p. 531.

In Schuman v. Teague, 195 Okl. 328, 156 P.2d 1010, 1012, this court quoted with approval 40 C.J., Mechanics' Liens, at page 89, as follows:

"In order that a mechanic's lien may be acquired, it is necessary, in a majority of jurisdictions, that the labor shall have been performed or the materials furnished upon the credit of the building and not merely upon the general and personal credit of the owner, contractor, or other person. * * *" See also, 57 C.J.S., Mechanics' Liens, § 46.

In 57 C.J.S., Mechanics' Liens, § 20, p. 513, it is said:

"In order to establish a mechanic's lien it is usually necessary that the materials furnished or labor performed should have gone into something which has attached to and become a part of the realty."

This court has heretofore held that the lien statute must be strictly construed in determining whether or not a lien exists and whether or not it follows within the reading of the statute.

In American Tank & Equipment Co. v. T. E. Wiggins, Inc., 170 Okl. 504, 42 P.2d 115, 117, we held:

"Mechanics' liens are in derogation of the common law and exist solely

by positive legislative enactment, and the courts should construe and enforce such statutes as remedial acts, but such statutes cannot be extended to meet cases not within their scope. * * The statute in question, being a remedial one, would be entitled to liberal construction, but the rule in such cases seems to be that liberality should be given to the enforcement of the lien, after the lien has clearly attached, and not in determining the question as to whether or not a lien exists."

The finding of the trial court necessarily included a finding that the plaintiff relied solely upon the general or personal credit of the defendant, and not upon a then existing lien.

I, therefore, would affirm the judgment.