M & M ENTERPRISES, a corporation,
Plaintiff in Error,

v.

Dick A. KAUL and Nisa B. Kaul,
Defendants in Error.

No. 40071.

Supreme Court of Oklahoma.

June 11, 1963.

George W. Gay, Oklahoma City, for plaintiff in error.

Carroll & Carroll, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by M & M Enterprises (plaintiff below) from a judgment denying a personal judgment and a lien upon the real property of Dick A. Kaul and Nisa B. Kaul, husband and wife (defendants below). The parties will be referred to as they appeared in the lower court or by name.

Generally the facts are that M & M was the owner of a house in the northwest area of Oklahoma City which it desired to sell and have moved so that it could develop the area for new construction. In December, 1959, M & M had a transaction with one A. L. Garver (Sr.) regarding the house. Whether this was a sale of the house for $3500 or an agreement for A. L. Garver, Sr. to dispose of and move the house is disputed. On February 17, 1960, the house was sold to the Kauls by Garver Moving Co., pursuant to a written agreement negotiated by A. L. Garver, Sr., and signed by him on behalf of Garver Moving Co. Garver Moving Co. was later shown to be a partnership composed of A. L. Garver, Jr. and Robert G. Garver, sons of A. L. Garver, Sr. Briefly it was provided in part that the house was to be moved about 18 to 20 miles and set on a foundation on Kauls' land within 15 days (weather permitting) with only minor repairs required after the move. The minor repairs were to be Kauls' expense. Total stipulated cost of the house and moving and other items was $7000, payable $3500 on date of contract and $3500 when the house was set at the new location. The initial $3500 was paid to and retained by Garver Moving Co. and M & M received no part thereof. About April 18, 1960, the house moving began and the house arrived at Kauls' property about May 10 and was set over the foundation about May 12, 1960, with last work about May 23, 1960. The final $3500 payment was not made because of Kauls' claim of additional expense caused by the delay in moving and further claim that the house was badly damaged by the moving.

On July 16, 1960, an action was filed by A. L. Garver dba Garver Moving Co. against the defendants Kaul, based on the contract of February 17, 1960, to recover the balance of $3500, the establishment of a lien upon the Kauls' property, with attorney fee, and foreclosure of the lien. The suit also sought to recover $235 and fix a lien on the property for drilling a water well under a separate oral contract with Kauls. Prior to any answer being filed in this suit the M & M Enterprises (plaintiff), after securing an order permitting it to be substituted as plaintiff in the action, filed an amended petition on November 17, 1960, and a third amended petition on December 15, 1960. M & M alleged that A. L. Garver, *Jr.*, acting as its agent, negotiated and entered into the contract of February 17, 1960, with the Kauls for the sale and moving of the house, that the remaining unpaid $3500 was for the *consideration due on the house* and the $3500 paid was for *moving the house,* and claimed a lien upon the Kauls' real estate and the house thereon, and an attorney's fee. The $235 and lien for drilling the well was omitted.

Defendants proceeded under 42 O.S.1961 § 147, and deposited cash in the amount of the claimed lien and filed a bond and effected a release of the lien claim. Defendants, by verified answer, denied the agency and authority of A. L. Garver, Jr. to act for plaintiff and denied any indebtedness to or contract with plaintiff, and alleged that plaintiff was a stranger to the contract and was not the real party in interest. By counterclaim the defendants relied upon the written contract of February 17, 1960, and alleged a breach resulting in damages in excess of the balance due. Defendants prayed that plaintiff be denied a lien or in the alternative that should plaintiff be decreed

to be the principal in the contract then that defendants have judgment on their counterclaim and a lien denied, and in either event that defendants recover an attorney fee and costs.

Trial was had to the court without a jury. The evidence was extensive as to the circumstances surrounding the sale of the house and the moving of the house and its final condition. The parties did not request findings of fact and conclusions of law except that should the court hold against the plaintiff then that the court find whether or not the plaintiff was a contractor or subcontractor. The trial court rendered a judgment denying plaintiff any judgment against defendants and denying plaintiff a lien upon the property; denying defendants' counterclaim against plaintiff; finding that plaintiff was neither contractor nor subcontractor; and rendered a judgment for defendants against plaintiff for $400 attorney's fee and costs.

Plaintiff urges the single proposition that the court erred in finding the plaintiff was not a contractor.

■ Under the pleadings the court was faced with determining from the evidence whether the contract of February 17, 1960, was plaintiff's contract by virtue of being made by its agent and thereby constituting plaintiff the real party in interest. If the court determined such to be a fact then plaintiff would be subject to the burdens as well as benefits of the contract, and the court would then be required to consider the merits of defendants' counterclaim for damages. In denying plaintiff any recovery on its petition and defendants any relief on their counterclaim it is obvious that the court concluded that plaintiff was not the real party in interest and that the contract of sale and moving was not made by its agent for its benefit and that plaintiff was a stranger to that transaction.

The president of plaintiff testified in effect that it was his belief that title to the house did not pass until the purchase price was paid, but there is nothing in the record to sustain such belief. The record reflects that in December, 1959, or early January, 1960, and thereafter, that plaintiff requested A. L. Garver, Sr. to remove the house, and that an account receivable from him to plaintiff for the house was entered in plaintiff's books; that plaintiff's president had stated in a prior deposition that the house was sold to Mr. Garver; and at the trial that he did not care what Mr. Garver did with the house. A. L. Garver, Sr. testified that in negotiating and entering into the contract with defendants, he was acting for Garver Moving Co., and that the transaction was definitely between Garver Moving Co. and defendants.

From our examination of the record we cannot say that the judgment of the court is clearly against the weight of the evidence. Liberty Plan Co. v. Francis T. Smith Lumber Co., Okl., 360 P.2d 500.

■ Also in Farmers Automobile Inter-Insurance Exchange v. Little, 191 Okl. 244, 129 P.2d 70, we stated:

"The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but the nature and extent thereof, rests ordinarily upon the party who alleges it."

■ Our approval of the judgment determining that the contract of February 17, 1960, was not a contract of plaintiff with defendants disposes of plaintiff's contention that plaintiff was a contractor. Assuming that to sell a house and move it upon property would constitute such person a contractor and support a lien for the costs thereof, still 42 O.S.1961 § 141, requires the existence of a contract with the owners of the land (defendants here) for such furnishing. There being no contract with defendants the plaintiff does not have a contractor relationship with defendants and has no lien.

■ Furthermore plaintiff does not qualify as a subcontractor materialman by reason of its sale of the house to A. L. Garver, Sr. and/or Garver Moving Co. At the time plaintiff sold the house the contract of

624

February 17, 1960, by which the house was sold and moved to defendants' property, had not been executed. In Dolese Bros. Co. v. Andrecopulas, 113 Okl. 18, 237 P. 844, we held:

> "A subcontractor is one who has entered into a contract, expressed or implied, for the performance of an act with a person who has already contracted for its performance."

See also Schuman v. Teague, 195 Okl. 328, 156 P.2d 1010.

The judgment of the lower court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.