The Attorney General is in receipt of your request for an opinion wherein you ask: "Where are the liens of the Department of Public Welfare to be filed in order to be lawful and have full force and effect?" Under the provisions of 56 O.S. 200 [56-200] (1971), the Department of Public Welfare ("Department") is granted a lien upon the proceeds of judgments or settlements between a tortfeasor and injured persons whose medical expenses are paid by the Department. Among the statutory requirements to perfect the Department's lien, a notice of the lien must be filed with the Clerk of the District Court for Oklahoma County. Other requirements to perfect the lien are not material here. Your question is prompted by the enactment of Laws 1978, c. 68, 1 et seq., amending the filing location of liens sought to be perfected under 42 O.S. 43 [42-43] and 42 O.S. 44 [42-44] (1971), otherwise known as "hospital liens." Such liens are now required to be filed with the county clerk of the county in which the hospital is located. While the nature of the two liens is similar, that is, both are statutory liens created in favor of an entity either providing or paying for medical services, each is nonetheless separate and distinct in both the protection to be afforded and the basis for which the lien is created. The Department's lien is in the nature of a protection for a subrogated right to recovery from a tortfeasor of medical expenses which have been paid by the Department. The "hospital lien" is, on the other hand, a statutory protection of an outstanding indebtedness owed in the first instance by the person receiving the services of the hospital. Moreover, the Department may assert the lien for payments made for other than hospital services. 56 O.S. 200 [56-200](d) (1971). While other and additional distinctions between the two forms of liens exist, suffice it to say that the Department's lien is not identical to the customary hospital-type lien. Where a statute creates a lien right, the statute also furnishes the measure of that right and the statutory mode must be pursued to perfect the lien. Interurban Const. Co. v. Central Bank of Keefer, 76 Okl. 281, 285-6, 184 P. 905
(1919). The protections afforded by such liens extend only to those who comply strictly with all the statutory requisites essential to the creation and existence of the right. Harriss v. Parks, 77 Okl. 197, 187 P. 470 (1920), syllabus 2. In the instant case, the statute governing the creation and the mode of perfection of the Department's lien rights is unmistakable as to the place of filing, to-wit: the District Court Clerk for Oklahoma County. It is, therefore, the official opinion of the Attorney General that liens created by the provisions of 56 O.S. 200 [56-200] (1971), may only be filed in the office of the District Court Clerk of Oklahoma County; the filing of such liens with other offices does not constitute perfection of such liens. (MANVILLE T. BUFORD) (ksg)